IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ALDEN TIMOTHY COX,

    PLAINTIFF,                             CASE NO.: 2:23-CV-11290

v.

HOANG TAN THUAN doing business
as BIGEAGLE.STORE,

API-LE TRAN TRUNG HIEU doing
business as BIGEAGLE.STORE,

JOHN DOE, doing business as
BIGEAGLE.STORE,

and

MYLOCKER.COM, LLC doing business
as CUSTOMCAT and as BIGEAGLE.STORE,

    DEFENDANTS
_____/

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff Alden Timothy Cox ("Plaintiff"), by and through the undersigned counsel, hereby alleges his complaint for copyright infringement against Defendant Hoang Tan Thuan doing business as BigEagle.Store ("Defendant Thuan"), Defendant Api-Le Tran Trung Hieu doing business as BigEagle.Store ("Defendant Hieu"), Defendant John Doe doing business as BigEagle.Store ("Defendant Doe"), and Defendant MyLocker.com doing business as CustomCat and as BigEagle.Store ("Defendant MyLocker") (collectively "Defendants") as follows:

**JURISDICTION AND VENUE**

1. This complaint is brought pursuant to 17 U.S.C. § 101, *et seq.*, for copyright infringement.

2. The Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, because this action arises under the laws of the United States.

3. The Court has personal jurisdiction over Defendants. Defendant MyLocker is organized under the laws of the State of Michigan, and it maintains their principal place of business in this judicial district. The conduct of Defendant Thuan, Defendant Hieu, and Defendant Doe in this judicial district give rise to this cause of action and these defendants have sufficient contact with this judicial district to exercise jurisdiction over these defendants.

4. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

5. Plaintiff is an adult individual, residing in the State of New Mexico.

6. Defendant Thuan is an individual, believed to reside in the Country of Vietnam and regularly conducts business in the State of Michigan.

7. Defendant Thuan may be served at Defendant Thuan's place of business, 1300 Rosa Parks Boulevard, Detroit, Michigan 48216.

8. Defendant Hieu may be served at Defendant Hieu's place of business, 1300 Rosa Parks Boulevard, Detroit, Michigan 48216.

9. Defendant John Doe is an unknown individual or entity, doing business through the website, [www.bigeagle.store](www.bigeagle.store).

10. Defendant MyLocker is a Michigan limited liability company, licensed to do business in the State of Michigan.

11. Defendant MyLocker may be served through its registered agent, C T Corporation System, at 40600 Ann Arbor Road East Suite 201, Plymouth, Michigan 48170-4675.

**PLAINTIFF'S WORKS**

12. Plaintiff is a professional artist and has been a professional artist since 1975.

13. Plaintiff specializes in depicting the American West, rural America, and American ranches.

14. Plaintiff typically uses oil on masonite as his medium to create originals of his works.

15. As an alternative to oil on masonite, Plaintiff also uses oil on stretched canvas as a medium to create originals of his works.

16. After completing a work, Plaintiff will typically affix the first two initials of his name, his last name immediately after his initials, the copyright symbol, the Cowboy Artists of America symbol, and the year the work was published. An example of this is below:



17. In addition to selling originals of his works, Plaintiff licenses and sells reproductions of his works to individuals and businesses.

18. Plaintiff will sign an original of his work or a reproduction of his work horizontally, as "Tim Cox" in cursive on the right or left bottom corner of the work.

19. Plaintiff does not sign an original work or a reproduction in silver or gold ink.

20. Plaintiff is the creator of and copyright claimant of over three hundred eight (308) works, which includes the works that form the basis of this action (the "Works").

21. The titles of the Works, with their copyright registration numbers in parentheses, are:

    i.    A Gentle Hand (VA 1-293-011)

    ii.    Ahead of the Storm (VA 1-297-467)

    iii.    A Helping Hand (VA 1-293-037);

    iv.    Along the Creek (VA 1-342-499);

    v.    A Lot Like Heaven by A.T. (Tim) Cox (VA 1-861-163);

    vi.    A Road Less Traveled (VA 1-293-012);

    vii.    As Good as It Gets (VA 1-293-010);

    viii.    A Storm Across the Valley (VA 1-297-481);

    ix.    At His Own Pace (VA 1-293-005);

    x.    At The End of His Day (VA 1-297-474);

    xi.    Autumn Reflections by A.T. (Tim) Cox (VA 1-847-530);

    xii.    Autumn's Amber Glow by Tim Cox (VA 1-293-038);

    xiii.    Autumn Splendor (VA 1-293-007);

    xiv.    A Well Earned Drink by A.T. (Tim) Cox (VA 1-847-506);

    xv.    Better Than Gold (VA 1-293-047);

    xvi.    Between Heaven & Earth (VA 1-297-468);

    xvii.    Blue River Muley (VA 1-292-994);

    xviii.    Branding the Remnants (VA 1-342-494);

    xix.    Bring Home the Ranch Pet (VA 1-293-050);

    xx.    Can't Help You Kid (VA 2-129-043);

    xxi.    Cardoza Cowboys (VA 1-293-049);

    xxii.    Cloud Watchers (VA 1-968-381);

    xxiii.    Coming in at Sundown (VA 1-213-355);

    xxiv.    Cowboy Cut by A.T. (Tim) Cox (VA 1-847-520);

    xxv.    Cowboy Kaleidoscope (VA 1-242-546);

    xxvi.    Cowhorse Boogie (VA 1-293-056);

    xxvii.    Cow Horse Country (VA 1-342-495);

xxviii. Crossing the Creek by A.T. (Tim) Cox (VA 1-859-641);

xxix. Dad's Helper (VA 1-293-019);

xxx. Dance of the Blue Cayuse (VA 1-293-006);

xxxi. Date Night (V A 2-071-581);

xxxii. Evening Glow (VA 1-293-054);

xxxiii. Face to Face (VA 1-213-353)

xxxiv. First Down Dash (VAu 654-095);

xxxv. Flowers for Mom (VA 1-242-547);

xxxvi. For Bragging Rights (VA 2-058-208);

xxxvii. Found (VA 1-847-509);

xxxviii. Fresh Mounts (VA 1-293-052);

xxxix. Gathering Storm by A.T. (Tim) Cox (VA 1-847-505);

xl. Gathering the Creek (VA 1-242-537);

xli. God's Gift to Man (VA 2-129-117);

xlii. Good Horses and Wide Open Spaces (VA 1-641-672);

xliii. Good Fences Make Good Neighbors (VA 1-242-548);

xliv. Heading for the Heals (VA 1-297-477);

xlv. Heart and Home (VA 1-641-673);

xlvi. Her Own Kind of Heaven (VA 2-186-748);

xlvii. Her Chance to Dance (VA 1-342-501);

xlviii. Hicks' Hereford Heifers (VA 1-293-003);

xlix. Hoping for Rain [f/k/a Cloud Watchers] (VA 1-891-252);

l. Horse Whisper by A.T. (Tim) Cox (VA 1-847-314);

li. Horses of the Creek (VA 1-293-008)

lii. Hurry Sunup (VA 1-242-539);

liii. If These Walls Could Talk (VA 1-935-156)

liv. If Looks Could Kill by Tim Cox (VA 1-263-988);

lv. In the Bronc Corral (VA 1-269-680);

lvi. I Should Have Been a Stockbroker (VA 1-641-671);

lvii. Just About Home (VA 1-213-354);

lviii. Just For the Heck of It (VA 1-242-549);

lix. Land of the Free / Autumn in the Rockies (VA 1-293-009);

lx. Leaves of Gold (VA 1-293-053);

lxi. Like a Dance (VA 1-213-352);

lxii. Little Boys Dream the Biggest Dreams (VA 1-293-039);

lxiii. Long Days Short Pay by A.T. (Tim) Cox (VA 1-847-163);

lxiv. Maybe This Will Be a Good Year (VA 1-930-793);

lxv. More Than Just a Horse A.T. (Tim) Cox (VA 1-847-318);

lxvi. Mugged (VA 1-907-105);

lxvii. The New Foal (VA 1-293-046);

lxviii. Night Breezes by A.T. (Tim) Cox (VA 1-846-935);

lxix. No Guts, No Glory (VA 1-242-550);

lxx. No Matter the Weather (VA 1-242-551);

lxxi. No More Sweet Talkin' (VA 1-242-540);

lxxii. October Mist by A.T. (Tim) Cox (VA 1-846-933);

lxxiii. Off the Mountain in October (VA 2-289-751);

lxxiv.   On to Better Pastures by A.T. (Tim) Cox (VA 1-847-316);

lxxv.   Peaceful Waters (VA 1-907-296);

lxxvi.   Peace of Mind by A.T. (Tim) Cox (VA 1-867-090);

lxxvii.   Picking Green Apples (VA 1-292-991);

lxxviii.   Puttin' on a Show (VA 1-297-469);

lxxix.   Quiet Time (VA 1-297-471);

lxxx.   Racing Sundown (VA 1-297-476);

lxxxi.   Reflections of a Passing Day by A.T. (Tim) Cox (VA 1-854-830);

lxxxii.   Reluctant Company by A.T. (Tim) Cox (VA 1-847-317);

lxxxiii.   Rocky Mountain Paradise (VA 1-362-956);

lxxxiv.   Rocky Mountain Majesty (VA 1-293-041);

lxxxv.   Rumbling Thunder (VA 1-641-670);

lxxxvi.   Running with the Mares (VA 1-297-478);

lxxxvii.   Silver Charm (VA 1-242-553);

lxxxviii.   Sorrels in the Sun (VA 1-292-993);

lxxxix.   Spring Branding by A.T. (Tim) Cox (VA 1-846-939);

xc.   Spring Range (VA 1-242-541);

xci.   Spring by A.T. (Tim) Cox (VA 1-847-155);

xcii.   Storm Clouds Are Building (VA 1-297-470);

xciii.   Storm on the Mountain by A.T. (Tim) Cox (VA 1-847-540);

xciv.   Straight From the Well by A.T. (Tim) Cox (VA 1-846-938);

xcv.   Summer Breezes by A.T. (Tim) Cox (VA 1-846-937);

xcvi.   Summer is Almost Gone (VA 2-058-206);

xcvii. Tall Timber Tango (VA 1-297-475);

xcviii. The Blowup by A.T. (Tim) Cox (VA 1-846-786);

xcix. The Final Cut (VA 1-293-042);

c. Their Turn to Rest (VA 1-293-043);

ci. The Lunch Bunch (VA 1-297-480);

cii. The Picket Line (VA 1-297-479);

ciii. The Swimming Hole (VA 1-297-473);

civ. Through Dawn's Dusty Light (VA 1-968-380);

cv. Thunder (VA 1-242-552);

cvi. Thunderhead (VA 1-297-482);

cvii. Thunder Rolls (VA 1-293-040);

cviii. Time to Reflect (VA 1292-992);

cix. Trading Treasures (VA 2-289-782);

cx. Twilight (VA 1-293-002);

cxi. Western Skies (VA 1-293-004);

cxii. Whassup by A.T. (Tim) Cox (VA 1-846-788);

cxiii. When Horse Whispering Gets Loud by A.T. (Tim) Cox (VA 1-846-789);

cxiv. Where Change Comes Slowly by A.T. (Tim) Cox (VA 1-846-793);

cxv. Where Freedom Lives (VA 1-292-988);

cxvi. Where Riches Lie (VA 2-289-753);

cxvii. Where the Mountains Reach the Sky by Tim Cox (VA 1-297-472);

cxviii. Where the Sun Shines on the Mountain Top (VA 1-641-674);

cxix. Who Dat? by A.T. (Tim) Cox (VA 1-846-794); and

      cxx.    Winter Work by Tim Cox (VA 1-293-045).

22. The Works are duly registered with the United States Copyright Office.

## DEFENDANT'S CONDUCT

23. On or about December 14, 2019, Defendant Thuan and/or Defendant Hieu engaged a third-party company to create and host Defendant Tuan and/or Defendant Hieu's website, www.bigeagle.store (the "Website").

24. The Website was created with the assistance of and hosted by Defendant Doe.

25. At some point after the creation of the Website, Defendant Thuan and/or Defendant Hieu uploaded electronic copies of the Works to the Website.

26. After uploading electronic copies of the Works to the Website, the copies of the Works were displayed on the Website, available for viewing by the public.

27. From the Website, Defendant Thuan, Defendant Hieu, and Defendant Doe offered to manufacture and ship reproductions of the Works, from which Defendant Thuan, Defendant Hieu, and Defendant Doe would collect the proceeds from the sale of the reproductions of the Works.

28. After the creation of the Website or at the same time as the creation of the Website, Defendant Thuan, Defendant Hieu, and/or Defendant Doe arranged for Defendant MyLocker to manufacture and ship reproductions of the Works to individuals that purchased the reproductions from the Website.

29. Upon information and belief, Defendant MyLocker manufactured and shipped reproductions of the Works after sales were placed by Defendant Thuan, Defendant Hieu, and Defendant Doe's customers through the Website.

30. The reproduction, sale, distribution, and sale of the Works through the Website and by Defendants was not authorized by Plaintiff.

**COUNT I – COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**
**(against Defendant Thuan)**

31. Plaintiff restates the foregoing paragraphs 1 through 30 as if fully set forth herein.

32. Plaintiff has valid copyrights and copyright registrations for each of the Works.

33. Defendant Thuan has infringed Plaintiff's copyrights in the Works by reproducing, distributing, and publicly displaying unauthorized copies of the Works within the United States of America in violation of 17 U.S.C. § 101, *et seq*. Such infringement was non-willful, or alternatively, willful.

34. To the extent Defendant Thuan does not acknowledge copying the Works, Defendant Thuan had access to the Works and the images used by Defendant Thuan are strikingly similar to the Works.

35. As a result of Defendant Thuan's above-described acts of copyright infringement, Plaintiff has sustained damages, including by not limited to, profits that should be disgorged to Plaintiff.

**COUNT II – COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**
**(against Defendant Hieu)**

36. Plaintiff restates the foregoing paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiff has valid copyrights and copyright registrations for each of the Works.

38. Defendant Hieu has infringed Plaintiff's copyrights in the Works by reproducing, distributing, and publicly displaying unauthorized copies of the Works within the United States of America in violation of 17 U.S.C. § 101, *et seq*. Such infringement was non-willful, or alternatively, willful.

39. To the extent Defendant Hieu does not acknowledge copying the Works, Defendant Hieu had access to the Works and the images used by Defendant Hieu are strikingly similar to the Works.

40. As a result of Defendant Hieu's above-described acts of copyright infringement, Plaintiff has sustained damages, including by not limited to, profits that should be disgorged to Plaintiff.

## COUNT III – COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501
**(against Defendant Doe)**

41. Plaintiff restates the foregoing paragraphs 1 through 40 as if fully set forth herein.

42. Plaintiff has valid copyrights and copyright registrations for each of the Works.

43. Defendant Doe has infringed Plaintiff's copyrights in the Works by reproducing, distributing, and publicly displaying unauthorized copies of the Works within the United States of America in violation of 17 U.S.C. § 101, *et seq*. Such infringement was non-willful, or alternatively, willful.

44. To the extent Defendant Doe does not acknowledge copying the Works, Defendant Doe had access to the Works and the images used by Defendant Doe are strikingly similar to the Works.

45. As a result of Defendant Doe's above-described acts of copyright infringement, Plaintiff has sustained damages, including by not limited to, profits that should be disgorged to Plaintiff.

## COUNT III – COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501
**(against Defendant MyLocker)**

46. Plaintiff restates the foregoing paragraphs 1 through 45 as if fully set forth herein.

47. Plaintiff has valid copyrights and copyright registrations for each of the Works.

48. Defendant MyLocker has infringed Plaintiff's copyrights in the Works by reproducing, and distributing unauthorized copies of the Works within the United States of America in violation of 17 U.S.C. § 101, *et seq*. Such infringement was non-willful, or alternatively, willful.

49. To the extent Defendant MyLocker does not acknowledge copying the Works, Defendant MyLocker had access to the Works and the images used by Defendant MyLocker are strikingly similar to the Works.

50. As a result of Defendant MyLocker's above-described acts of copyright infringement, Plaintiff has sustained damages, including by not limited to, profits that should be disgorged to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, Plaintiff prays for a judgment from the Court against Defendants as follows:

a. Under 17 U.S.C. § 502, grant temporary and final injunctions on such terms as it deems reasonable to prevent or restrain infringement of Plaintiff's copyrights;

b. Under 17 U.S.C. § 503, order the impounding and ultimate destruction, on such terms as it may deem reasonable, of any records or materials involved in Defendants' copyright infringement;

c. Under 17 U.S.C. § 504, award Plaintiff's actual damages and any additional profits of Defendants, or if Plaintiff so elects before judgment is entered, award statutory damages up to One Hundred Fifty Thousand Dollars per work infringed;

d. Under 17 U.S.C. § 505, award costs to Plaintiff;

e. Under 17 U.S.C. § 505, award Plaintiff's reasonable attorney's fees;

f. Award Plaintiff all available pre-judgment and post-judgement interest on all amounts of judgment; and

g. Grant Plaintiff such further relief as may be equitable and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 31st day of May, 2023.

/s/ Oliver Maguire
Oliver P. Maguire
KNIGHT NICASTRO MACKAY LLC
304 W. 10th Street
Kansas City, Missouri 64105
Telephone: 816-708-0322
Facsimile: 816-708-0322
Email: maguire@knightnicastro.com
ATTORNEYS FOR PLAINTIFF
ALDEN TIMOTHY (A.T.) COX
